IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,            No. CIV S-08-1737-CMK-P

    Plaintiff,

  vs.                               ORDER

A.J. MALFI, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Malfi, Kelly, Young, Grannis, Lippsmeyer, Hsu, and Carroll. Plaintiff states that, upon arriving at California State Prison – Sacramento ("CSP-Sac.")[1] in December 2004, he "began having extreme difficulties with filing administrative inmate appeals. . . ." Specifically, plaintiff asserts that defendant Malfi, the prison warden, permitted subordinates to "deliberately frustrate plaintiff's appeal efforts in order to cover up misconduct by prison . . . officials." Plaintiff states that, in early 2005, he filed a habeas corpus petition in the Sacramento County Superior Court regarding this claim.[2]

According to plaintiff, the state court granted his motion for appointment of counsel in December 2005 and defendant Lippsmeyer was appointed. Plaintiff contends, however, that defendant Lippsmeyer did nothing to litigate his case and only learned from counsel in February 2006 that prison officials had erroneously told Lippsmeyer when he attempted to visit plaintiff that plaintiff had been moved to a different prison. Plaintiff claims that defendants Malfi and Young are liable for "deliberately permitting subordinates to falsely

---

[1] CSP-Sac. was originally called "New Folsom" and is located next to Folsom State Prison. Both are located in Represa. CSP-Sac.'s address is P.O. Box 290002. Folsom State Prison's address is P.O. Box 71.

[2] Plaintiff does not state what the outcome of this case was, or attach a copy of the court's order to the instant complaint.

2

convey to Defendant Lippsmeyer that Plaintiff was 'not at the prison' for attorney visit." According to plaintiff, defendant Young is responsible for attorney visits and, for this reason, "knew before hand that Defendant Lippsmeyer was planning to visit Plaintiff in regards to the petition filed against [CSP-Sac.] officials, and deliberately denied Plaintiff's right to counsel with malicious intent."

Plaintiff states that, in February 2006, he filed an inmate grievance regarding his inability to see Lippsmeyer. He states that, in response, defendant Young generated a memorandum "through subordinates purporting that Defendant Lippsmeyer was contacted and denied ever making an attempt to visit with Plaintiff . . . or scheduling such." Plaintiff attaches a February 6, 2006, letter from defendant Lippsmeyer regarding his efforts to see plaintiff, which plaintiff states proves defendant Young's "utter fabrication." Plaintiff adds that defendants Malfi and Grannis, who is the Chief of Inmate Appeals in Sacramento, "then failed to perform duties legally required by failing to correct Defendant Young's unconstitutional impositions, and by permitting Defendant Young to use dishonesty and fabrications during administrative investigations to cover up the deliberate denial of Plaintiff's right to counsel."

Plaintiff continues by alleging that he filed a complaint with the State Bar of California "after finding out that Defendant Lippsmeyer acted in concert with Defendants Malfi and Young. . . ." Plaintiff attaches to his complaint a June 22, 2006, letter from the state bar closing plaintiff's complaint. That letter states:

> We have received your complaint, on 5/15/06, against Jon Paul Lippsmeyer. Your allegations may be grounds for a criminal appeal or a civil claim for damages but they do not form the basis for discipline. . . .

Plaintiff then alleges that defendant Hsu, an attorney, served a civil subpoena on officials at CSP-Sac. requesting "any and all non-privileged and non-confidential parole and/or incarceration records" relating to plaintiff. It appears that defendant Hsu represented the County of Los Angeles in a civil rights case pending in the Central District of California. Plaintiff alleges that, in response to this subpoena, defendants Kelly and Carroll produced records relating

3

to plaintiff's disciplinary history as well as plaintiff's confidential medical file.  Plaintiff states that he filed a grievance concerning this situation on July 27, 2006, but that "each level of review and investigation were obstructed, ignored, and denied by conduct known as the code of silence, which operates to conceal wrongdoings."  Specifically, plaintiff alleges that defendant Carroll admitted in the first level appeal response that he provided defendant Hsu with plaintiff's confidential records but that, defendant Young's second level appeal response stated that there was no record of prison officials ever receiving a subpoena and that defendant Hsu's law office confirmed that no subpoena was ever sent.  Plaintiff asserts defendant Malfi and Grannis "permitted Defendant Young to act with dishonesty and deliberately fabricate Defendants Young, Kelly, and Carroll did not release Plaintiff's confidential medical and mental health records to Defendant Hsu, while Defendant Hsu acted in concert by participating in Defendants' affirmative act. . . ."

As indicated above, plaintiff has attached various documents to his complaint, to which he makes reference.  These documents reveal the following chronology of events:

| | |
|---|---|
| August 22, 2005 | Subpoena issued by Cheryl Hsu, Esq., counsel for defendants in civil rights case pending in U.S. District Court, Central District of California, case no. CV-05-3085.  The subpoena is addressed to "Folsom California State Prison" at P.O. Box 71 in Represa, California.  See Ex. C. |
| December 7, 2005 | Plaintiff's motion for appointment of counsel granted in Sacramento County Superior Court habeas case.  See Ex. A. |
| February 6, 2006 | Letter from appointed counsel Jon P. Lippsmeyer addressed to plaintiff at CSP-Sac. at "PO Box 290066" regarding the status of plaintiff's state court habeas case.  Regarding his efforts to see plaintiff, Mr. Lippsmeyer states: |

> I imagine you wonder where I have been.  Well, I did try and see you last week when the enclosed response finally came from the Attorney General.  However, they told me out at the prison that you were gone and not at New Folsom.  I tracked you down today with the prison locator system, who indicated that there has been no change

|   |   |   |
|---|---|---|
| 1 |   | posted to you since November. |
| 2 |   | See Ex. A. |
| 3 | February 8, 2006 | Letter from correctional case records analyst De Ann Edwards addressed to plaintiff at CSP-Sac. regarding the August 2005 subpoena stating: "The scope of the subpoena was narrowed down to disciplinary, ad seg, behavior & complaints only."  See Ex. D. |
| 6 | April 26, 2006 | Memorandum from correctional officer P. Craig to litigation coordinator L. Young regarding an inmate appeal filed by plaintiff.  The memo states: |
| 8 |   | On Wednesday, April 26, 2006, at approximately 1045 hours, I was informed by L. Young in the Litigation Office that inmate Williams V34099 had filed an appeal regarding a legal visit.  Inmate Williams had stated that his attorney, Jon Lippsmeyer, was refused access to visit him.  I did not recall Mr. Lippsmeyer ever being denied a visit so I called his office to verity Williams' statement.  I spoke with Mr. Lippsmeyer and he informed me that he had represented Inmate Williams briefly, but had never attempted to schedule a legal visit with him.  This office has no documentation showing Mr. Lippsmeyer has ever visited or attempted to visit Inmate Williams. |
| 17 |   | See Ex. B. |
| 18 | June 22, 2006 | Letter from the Office of the Chief Trial Counsel of the State Bar of California addressed to plaintiff at CSP-Sac. closing the file of plaintiff's complaint of attorney misconduct against Mr. Lippsmeyer.  See Ex. C. |
| 20 | July 1, 2006 | Letter from plaintiff to De Ann Edwards informing her that he was never informed that "confidential documents such as my entire medical & psych file" had been produced.  See Ex. D. |
| 23 | July 24, 2006 | Letter from De Ann Edwards addressed to plaintiff at CSP-Sac. stating: |
| 24 |   | In response to your letter asking who produced your medical file and psych file, I do not know.  I believe your medical records are located at the institution you are currently in. |

5

|   |   |   |
|---|---|---|
| 1 | | See Ex. D. |
| 2 | October 25, 2006 | Director's Level Appeal Decision written by N. Grannis addressed to plaintiff at CSP-Sac. stating: |

> . . . The record indicates that the appellant's attorney did not attempt to schedule an attorney visit. The institution's conclusion that appellant was not denied an attorney visit or that the appellant's attorney attempted to visit the appellant was confirmed when the appellant's attorney was contacted by both CO P. Craig and Sgt. D.C. Kennedy. The attorney provided the same information to both of these individuals during their separate telephone conversations. CO P. Craig documented his conversation with the appellant's attorney in a memorandum dated April 26, 2006.

Plaintiff's inmate appeal was denied. See Ex. B.

December 13, 2006   Director's Level Appeal Decision written by N. Grannis stating:

> Although the appellant claims his right to privacy was violated, further investigations confirm SAC did not provide the law office of Strickland, Roberts, and Lawrence with any portion of the appellants UHR. the appellant was informed that all requests for material and documentation from a UHR and/or C-File are forwarded to the Litigation Office where the appropriates steps are taken. After the aforementioned law office was contacted, it was confirmed a request for confidential information was never made to SAC. . . .

See Ex. E.

## II. DISCUSSION

It appears that plaintiff is complaining about two discreet events: (1) the alleged frustration of a visit from his attorney; and (2) the alleged production of confidential information from his prison files.

6

### A. Attorney Visit

Plaintiff claims that various defendant prison officials frustrated an attempt by his attorney, defendant Lippsmeyer, to visit him. He also claims that defendant Lippsmeyer is liable because he "acted in concert" with defendant prison officials by telling them that he never attempted to visit plaintiff. In support of his claim, plaintiff references a February 6, 2006, letter from defendant Lippsmeyer in which he states that he attempted to visit plaintiff at CSP-Sac. but was told by prison officials that he was not at that institution. Defendant Lippsmeyer's letter goes on to state that, according to the inmate locator service, plaintiff was in fact at CSP-Sac. at the time of the attempted visit. Plaintiff claims that defendant Young is responsible for attorney visits, that defendant Malfi – the prison warden – is responsible for allowing defendant Young to violate his rights, and that defendant Grannis – the Chief of Inmate Appeals – is responsible for allowing defendant Young to cover up his violation.

While prisoners generally have no right to contact visitation, see Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994), they do have a right to contact visitation with their attorneys encompassed by their right of access to the courts, see id. at 816; see also Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir. 1993). As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury to successfully plead a claim based on denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 349 (1996). "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

In this case, defendant Lippsmeyer was appointed to represent petitioner in the context of a state habeas corpus case. Therefore, plaintiff suffered no actual injury with respect to bringing contemplated litigation. In his February 2006 letter, defendant Lippsmeyer discusses

the merits of plaintiff's state habeas case as follows:

> While there may be some question in my mind about the constitutionality of the statutes involved, it seems to me that to get anything you want in regard to the various appeals would be to resubmit them along with this AG's response which indicates that your remedy is to resubmit new appeals. The basic claim that [the AG] seems to be making is that "He did not avail himself of his administrative remedies" dodge which is their best defense to everything in the world of bureaucracy. Unfortunately, it works in the world of habeas corpus as well, because the writ procedure is extraordinary relief. In other words, the court will not do anything for you unless the harm is clear-cut and you followed their "due process," such as it is.

From this it is clear that, to the extent plaintiff did not prevail in his state habeas case, it was because he failed to exhaust administrative remedies and not because of any frustration of his ability to visit with his attorney.

Plaintiff cannot state a claim based on frustration of a visit with his attorney because he cannot establish any actual injury as a result of the alleged frustration.

**B.      Confidential Information**

Plaintiff alleges that, on the one hand defendant Hsu issued a subpoena and De Ann Edwards wrote letters apparently confirming that confidential information was produced, but on the other hand defendant Hsu's law firm denied ever requesting confidential information and prison officials denied ever producing such information. According to plaintiff, this seeming inconsistency indicates a conspiracy among various defendants to violate his rights by producing, unbeknownst to him, confidential information from his prison files.

However, there is no inconsistency. First, while it appears clear that defendant Hsu did in fact issue a subpoena for records, that subpoena specifically sought only non-confidential and non-privileged documents. Therefore, even if documents from plaintiff's file were produced in response to this subpoena, no confidential documents were ever sought. This is consistent with the law firm's statement that no confidential information was requested; they sought only non-confidential information. Second, just because a subpoena was requested does not mean that any documents were produced. Therefore the issuance of the subpoena is not

1  inconsistent with prison officials' later statement that no documents were produced.  Third, it
2  appears that no documents were in fact produced.  The subpoena was directed to Folsom State
3  Prison, where plaintiff was housed at CSP-Sac. (formerly known as "New Folsom").  Because an
4  inmate's records are located at the inmate's institution, Folsom State Prison would not have had
5  any of plaintiff's documents to produce in response to the subpoena.

6        For all these reasons, the underlying factual premise of plaintiff's claims relating
7  to the alleged production of confidential information is flawed.  The facts as alleged do not
8  support any constitutional violation.

### III.  CONCLUSION

11        Because it does not appear possible that the deficiencies identified herein can be
12  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
13  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
14  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action
15  should not be dismissed for failure to state a claim.  Plaintiff is cautioned that failure to respond
16  to this order may result in dismissal of the entire action for lack of prosecution.  See Local Rule
17  11-110.

18        IT IS SO ORDERED.

20  DATED: October 28, 2008

                                                    **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE