IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,              No. CIV S-08-1737-CMK-P

    Plaintiff,

  vs.                              ORDER

A.J. MALFI, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction and no defendants have been served.

        Pending before the court is plaintiff's response to the court's October 29, 2008, order to show cause why this action should not be dismissed for failure to state a claim. Plaintiff's factual allegations are set forth in the court's order to show cause and will not be repeated here.  Plaintiff names as defendants Malfi, Kelly, Young, Grannis, Lippsmeyer, Hsu, and Carroll, and asserts claims relating to two discrete events:  (1) the alleged frustration of a visit from his attorney, defendant Lippsmeyer; and (2) the alleged production of confidential information from his prison files.

1

As to the attorney visit claim, the court stated as follows in the order to show cause:

> Plaintiff claims that various defendant prison officials frustrated an attempt by his attorney, defendant Lippsmeyer, to visit him. He also claims that defendant Lippsmeyer is liable because he "acted in concert" with defendant prison officials by telling them that he never attempted to visit plaintiff. In support of his claim, plaintiff references a February 6, 2006, letter from defendant Lippsmeyer in which he states that he attempted to visit plaintiff at CSP-Sac., but was told by prison officials that he was not at that institution. Defendant Lippsmeyer's letter goes on to state that, according to the inmate locator service, plaintiff was in fact at CSP-Sac. at the time of the attempted visit. Plaintiff claims that defendant Young is responsible for attorney visits, that defendant Malfi – the prison warden – is responsible for allowing defendant Young to violate his rights, and that defendant Grannis – the Chief of Inmate Appeals – is responsible for allowing defendant Young to cover up his violation.
>
> While prisoners generally have no right to contact visitation, see Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994), they do have a right to contact visitation with their attorneys encompassed by their right of access to the courts, see id. at 816; see also Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir. 1993). As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury to successfully plead a claim based on denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 349 (1996). "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.
>
> In this case, defendant Lippsmeyer was appointed to represent petitioner in the context of a state habeas corpus case. Therefore, plaintiff suffered no actual injury with respect to bringing contemplated litigation. In his February 2006 letter, defendant Lippsmeyer discusses the merits of plaintiff's state habeas case as follows:
>
>> While there may be some question in my mind about the constitutionality of the statutes involved, it seems to me that to get anything you want in regard to the various appeals would be to resubmit them along with this AG's response which indicates that your remedy is to resubmit new appeals. The basic claim that [the AG] seems to be making is that "He did not avail himself of his administrative remedies" dodge which is their best defense to everything in the world of bureaucracy. Unfortunately, it works in the world of habeas corpus as well, because the writ procedure is extraordinary relief. In other words, the court will not do anything for you unless the harm is clear-cut and you followed their "due process," such as it is.

> From this it is clear that, to the extent plaintiff did not prevail in his state habeas case, it was because he failed to exhaust administrative remedies and not because of any frustration of his ability to visit with his attorney.
> Plaintiff cannot state a claim based on frustration of a visit with his attorney because he cannot establish any actual injury as a result of the alleged frustration.

Plaintiff does not address this discussion in his response to the order to show cause. Therefore, the court will dismiss this claim from the action.

As to the claim relating to disclosure of confidential information, the court stated:

> Plaintiff alleges that, on the one hand defendant Hsu issued a subpoena and De Ann Edwards wrote letters apparently confirming that confidential information was produced, but on the other hand defendant Hsu's law firm denied ever requesting confidential information and prison officials denied ever producing such information. According to plaintiff, this seeming inconsistency indicates a conspiracy among various defendants to violate his rights by producing, unbeknownst to him, confidential information from his prison files.
> However, there is no inconsistency. First, while it appears clear that defendant Hsu did in fact issue a subpoena for records, that subpoena specifically sought only non-confidential and non-privileged documents. Therefore, even if documents from plaintiff's file were produced in response to this subpoena, no confidential documents were ever sought. This is consistent with the law firm's statement that no confidential information was requested; they sought only non-confidential information. Second, just because a subpoena was requested does not mean that any documents were produced. Therefore the issuance of the subpoena is not inconsistent with prison officials' later statement that no documents were produced. Third, it appears that no documents were in fact produced. The subpoena was directed to Folsom State Prison, where plaintiff was housed at CSP-Sac. (formerly known as "New Folsom"). Because an inmate's records are located at the inmate's institution, Folsom State Prison would not have had any of plaintiff's documents to produce in response to the subpoena.
> For all these reasons, the underlying factual premise of plaintiff's claims relating to the alleged production of confidential information is flawed. The facts as alleged do not support any constitutional violation.

In response to this discussion, plaintiff states that, after he learned of the production of documents from his prison files, he obtained copies of the documents produced and that confidential information was included among those documents. It is thus possible that plaintiff states a cognizable claim based on violation of his right to privacy.

As to the confidential records claim, plaintiff asserts that defendants Malfi and Grannis "permitted Defendant Young to act with dishonesty and deliberately fabricate Defendants Young, Kelly, and Carroll did not release Plaintiff's confidential medical and mental health records to Defendant Hsu, while Defendant Hsu acted in concert by participating in Defendants' affirmative act. . . ."  Therefore this action shall be allowed to proceed as against defendants Malfi, Grannis, Young, Kelly, Carroll, and Hsu.  The only other defendant – Lippsmeyer – is named in relation to the attorney visit claim, which will be dismissed.  Therefore, defendant Lippsmeyer will be dismissed as a defendant.  This action shall proceed as against the remaining defendants on the confidential records claim only.  By separate order the court will require plaintiff to submit documents necessary for service of the complaint by the United States Marshall.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claim based on alleged frustration of an attorney visit is dismissed;

2. Defendant Lippsmeyer is dismissed;

3. The Clerk of the Court is directed to terminate Lippsmeyer as a defendant to this action; and

4. This action shall proceed on the original complaint as against defendants Malfi, Grannis, Young, Kelly, Carroll, and Hsu on plaintiff's claim relating to disclosure of confidential information from his prison files.

DATED:  December 24, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE