IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS, | No. CIV S-08-1737-FCD-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| YOUNG, | |
| Defendant. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 53).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Pursuant to an order issued by the District Judge on April 1, 2010, this action proceeds on plaintiff's claim relating to disclosure of confidential information as against defendant Young only. All other defendants have been dismissed and plaintiff was granted an opportunity to file an amended complaint to add further detail to his claim against defendant Young.[1] Pending before the court is plaintiff's amended complaint (Doc. 53). Despite all defendants other than Young having been previously dismissed, plaintiff continues to name numerous other defendants. Given the court's orders limiting this case to plaintiff's claim against Young, no other defendants are properly before the court and plaintiff's act of naming them in the amended complaint does not revive his action as against them. This action proceeds as against defendant Young only.

With respect to defendant Young, plaintiff alleges that she is the litigation coordinator and that she improperly disclosed confidential information from his prison file to an outside attorney. Specifically, plaintiff asserts that, on August 22, 2005, attorney Cheryl Hsu served the prison with a subpoena for all "non-privileged and non-confidential documents

---

[1] The undersigned had recommended dismissal of the entire action. The District Judge, however, granted plaintiff one more opportunity to file an amended complaint to state a claim against defendant Young.

concerning Plaintiff." According to plaintiff, his entire medical file, including mental health treatment records, were produced. Plaintiff alleges that defendant Young "made unlawful disclosure to attorney Cheryl Hsu." Plaintiff claims that defendant Young did so in violation of various state and federal regulations. Plaintiff claims that the "disclosure of Plaintiff's private, privileged, and confidential records were done in violation of all privacy laws and regulations and without due process and equal protection under the law."

## II.  DISCUSSION

As framed by plaintiff, this action seeks relief based on alleged violations of plaintiff's constitutional rights to equal protection and/or due process allegedly caused by defendant Young's disclosure of confidential information without his consent.

### A.   Equal Protection

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class) see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. March 19, 2008).

1         In order to state a § 1983 claim based on a violation of the Equal Protection
2  Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with
3  intentional discrimination against plaintiff, or against a class of inmates which included plaintiff,
4  and that such conduct did not relate to a legitimate penological purpose. See Village of
5  Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be
6  brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir.
7  2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v.
8  Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010
9  (9th Cir. 1985).
10        In this case, plaintiff has not alleged that defendant Young intentionally
11 discriminated against him. In other words, he has not alleged that Young disclosed confidential
12 information for a discriminatory purpose. Rather, plaintiff's claim appears to be based on his
13 belief that other individuals conspired with Young in a "code of silence" to cover up Young's
14 alleged error in disclosing confidential information. The alleged error itself is not actionable
15 because plaintiff does not allege that information was disclosed for the purpose of discriminating
16 against plaintiff. Therefore, the court finds that plaintiff does state an equal protection claim
17 based on the alleged disclosure of confidential information.
18        **B.     Due Process**
19        The Due Process Clause protects prisoners from being deprived of life, liberty, or
20 property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to
21 state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or
22 property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672
23 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the
24 deprivation of property where there is a legitimate claim of entitlement to the property. See Bd.
25 of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are
26 defined, by existing rules that stem from an independent source – such as state law – and which

secure certain benefits and support claims of entitlement to those benefits.  See id.

In this case, plaintiff cannot state a due process claim based on Young's alleged conduct.  As discussed above, the heart of plaintiff's claim is that Young erroneously and improperly disclosed confidential information without his consent.  In essence, plaintiff claims that Young was negligent in disclosing the confidential information.  Negligent conduct by a prison official, however, is insufficient to state a due process claim.  See Davidson v. Cannon, 474 U.S. 344, 347 (1986).

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 3, 2010

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE